### BLACK, et ux v. HOUSHOLDER, et ux.

Circuit Court, Dade County.
September 28, 1951.
December 24, 1951.

────●────

Amos Benjamin, Miami, for plaintiffs.

William O. Mehrtens of Evans, Mershon, Sawyer, Johnston & Simmons, Miami, for defendants.

VINCENT C. GIBLIN, Circuit Judge.

Summary decree: Plaintiffs seek the cancellation of a lease dated October 31, 1949 pursuant to which they rented a Miami hotel from the defendants for three years — from November 1, 1949 to October 31, 1952.

Incidental to the cancellation sought plaintiffs pray for the return to them of prepaid rent. The basis for the relief sought is the alleged breach by the lessors of a covenant of the lease by which they allegedly were required to effect certain installations in compliance with state laws to reduce fire hazards.

After defendants had answered plaintiffs' bill (and, by their answer, had denied the alleged breach and disputed the plaintiffs' asserted right to a cancellation of the lease), a pre-trial conference was called by the court pursuant to equity rule 77.

At the conference counsel for the defendants assumed the position that plaintiffs could not properly maintain the suit without tendering possession of the demised premises to the defendants. Plaintiffs thereupon (through their counsel) tendered immediate possession. The offer was unconditionally and unqualifiedly accepted and the defendants immediately took and have been in exclusive possession of the premises since August 1, 1951.

It is my judgment that, by the defendants' unconditional and unqualified acceptance of the plaintiffs' tender of possession,

the lease has been terminated and that all questions and issues raised by the pleadings have become moot.

The plaintiffs are clearly entitled, in view of the termination of the lease, to a refund of the rent prepaid for the period from August 1, 1951 to October 31, 1952, the amount of which is $12,500.

The motion of the plaintiffs for the entry of a summary decree is granted. It is decreed that the plaintiffs, Hugh L. Black and Luella Black, have and recover from the defendants, C. E. Housholder and Louise C. Housholder, such sum of $12,500, for which let execution issue.

Final decree: The legal questions presented by defendants' petition for rehearing have been reconsidered.

I adhere to the opinion that because of the peculiar circumstances in which the lessors unconditionally and unqualifiedly accepted the lessees' surrender of possession it would be inequitable to allow the lessors to retain the unearned prepaid rent and also to enjoy the rents and profits of the property during the remainder of the term for which it was leased.

The voluntary, unconditional and unqualified acceptance of surrender of possession effected, in law, a termination of the lease. In the circumstances of the case equity cannot tolerate the result for which the lessors contend. They are in possession of the property, enjoying its income, yet urge that the lessees have no right to a refund of the unearned prepaid rent, despite the termination of the lease by mutual consent. I cannot concur in such a view.

It is again ordered and decreed that the plaintiffs, Hugh L. Black and Luella Black, have and recover of and from the defendants, C. E. Housholder and Louise C. Housholder, the sum of $12,500 (the amount of unearned prepaid rent for the period August 1, 1951 to October 31, 1952), for which let execution issue. Plaintiffs are required to pay all the costs of the suit.